UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH BLAKE,                       )
      Plaintiff,               )
                               )
v.                                  )   C.A. No. 05-10508-RGS
                               )
ROBERT MURPHY, ET AL.,              )
      Defendants.              )

MEMORANDUM AND ORDER
RE: CLASS ACTION STATUS

    For the reaons set forth below, Plaintiff's request to bring the above-captioned matter as a Class Action is Denied without prejudice.

BACKGROUND

    On March 8, 2005, Plaintiff Joseph Blake, an inmate at the Nemansket Correctional Center in Bridgewater, MA, filed his self prepared §1983 complaint against Robert Murphy, Superintendent, and Kathleen Dennehy, Commissioner of the Department of Corrections, seeking injunctive and monetary relief for alleged violations of his civil rights, including ADA, Equal Protection and Due Process. Blake has completed his criminal sentence and is awaiting a decision from the trial court judge as to whether he is a Sexually Dangerous Person pursuant to M.G.L. c. 123A.

    Blake claims that he is being held in conditions which are more restrictive than the prison to which he was criminally sentenced. His complaint then compares prison conditions at his former prison, N.C.C.I. Gardner, as compared to Nemansket C.C., and contains a myriad of grievances of conditions.[1]

---

[1] His complaints include, *inter alia*, unsuitably small cell size, limited law library access, limited gym equipment, lack of toilet facilities in the yard, intrusive strip searches at visitation times, inability to get clothing, food, appliances from family, lack of industry jobs and low rate of

Blake seeks injunctive and monetary relief, and seeks to bring this action as a class action on behalf of all civil detainees at Nemansket Correctional Center

DISCUSSION

Although no formal motion for class certification was filed by Blake, he is attempting to prosecute his civil rights claims on behalf of other unidentified civil detainees at Nemansket Correctional Center. The Court considers this request at this time since there is an independent obligation to determine whether this action may be maintained as a class action "as soon as practicable." See. Fed. R. Civ. P. 23(c)(1); Caputo v. Fauver, 800 F. Supp. 168, 169 (D. N.J. 1992); accord, Shaffery v. Winters, 72 F.R.D. 191, 193 n.1 (S.D.N.Y. 1976).

Title 28 U.S.C. §1654 permits persons to proceed *pro se*. However, this provision does not authorize unlicensed laypeople to represent co-plaintiffs or any other individuals. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). Additionally, this Court's Local Rules do not provide such authorization. See District of Massachusetts Local Rule 83.5.3(c), providing that "[a] person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf." Id.

---

pay, lack of educational programs, lack of word processors with "spell check" or memory, push-button showers which limit the flow of hot water, lack of four different flavors of "Ben & Jerry's" ice cream, inability to have reading lamps, lack of variety in food menu, lack of time to eat, denial of religious expression by refusing a "sweat lodge" and sacred items (rattle, sage, sweet grass, cedar, music CDs, Native American literature), lack of books, lack of space available to hold meetings, requiring inmate to strip naked when providing urinalysis specimen, limitations on phone calls, sur-charge/high rates on phone calls, denial of cell phones, failure to have classifications of inmate population, and failure to have a full-time grievance coordinator.

Moreover, a basic requirement for all class actions is that the named plaintiff can "fairly and adequately" represent the class. Fed. R. Civ. P. 23(a)(4). Courts have generally recognized that a non-attorney, *pro se* prisoner (or civilly detained litigant in this case) cannot "fairly and adequately" represent the interests of fellow inmates in a class action. See Caputo, 800 F. Supp. At 170; See also Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Fowler v. Lee, 2001 WL 1033312 (4th Cir. Sept. 10, 2001) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)) (not selected for publication); Cahn v. United States, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); Barth v. Town of Sanford, 2001 WL 1356157, at *1 (D. Me. Nov. 5, 2001); Hussein v. Sheraton New York Hotel, 100 F. Supp. 2d 203, 206 (S.D.N.Y. 2000).

Thus, this Court could not certify a class without appointing counsel. Fed. R. Civ. P. 23(g)(1)(A). Although Blake has not sought appointment of counsel at this juncture, any such request is not ripe at this time, because summonses have not issued, the defendants have not been served with the complaint, nor has a responsive pleading been filed. If he so chooses, Blake may raise the issues of appointment of counsel and class certification at some later point after the defendants have filed an answer or responsive pleading.

Accordingly, this Court will not treat this action as a class action, and Blake may only litigate his *own* claims at this time.

SO ORDERED.

April 11, 2005                    /s/ Richard G. Stearns
DATE                              RICHARD G. STEARNS
                                  UNITED STATES DISTRICT JUDGE