UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Joseph E. Blake,
    Plaintiff,

v.

Robert Murphy,
Kathleen Dennehy,
Massachusetts Department of Correction,
    Defendants.

CIVIL ACTION
NO.

05-10508 RGS

## AMENDED COMPLAINT

90. The plaintiff re-alleges and incorporates all of the allegations contained in the 89 paragraphs of the original complaint filed in this action.

STATEMENT OF ADDITIONAL FACTS

91. Paragraph 13 is amended to read:

    13. On February 27, 2004, after a trial in the Franklin County Superior Court, Blake was ordered further detained at the Nemansket Correctional Center pending the trial court judges decision. On April 8, 2005 Blake was committed to the Nemansket Correctional Center as a sexually dangerous person for a day to life.

### COUNT VII WAIVER OF CONFIDENTIALITY

92. The defendants have refused to provide the plaintiff with sex offender treatment, unless the plaintiff agrees to waive his Fifth Amendment Right not to incriminate himself and to have his communications with a social worker or psychotherapist remain confidential as provided by M.G.L. c. 112, § 135A and c. 233, § 20B, and the Health Information Privacy Protection Act.

### COUNT VIII FAILURE TO PROVIDE TREATMENT

93. To be committed as a sexually dangerous person as defined by M.G.L. c. 123A, § 1, the plaintiff and all other prisoners committed to the Nemansket Correctional Center must have a mental

- 2 -

abnormality or a personality disorder which "makes the person likely to engage in sexual offenses if not confined to a secure facility."

94. The defendants are not providing treatment for the plaintiff or any other prisoner at the Nemansket Correctional Center which substantially conforms to accepted professional judgement and practice or standards.

95. There is a clear consensus among professionals involved in the treatment of sex offenders that there is no cure for sexual predation. Brief for the Association for the Treatment of Sexual Abusers, Amicus Curia, in Kansas v. Crane, 534 U.S. 407 (1997).

96. There is no significant correlation between receiving sex offender treatment or the length of treatment in prison and reduced recidivism by sex offenders. Hanson, K.R. & Bussiere, M.T. (1998) Predicting Relapse; A Meta-Analysis of Sexual Offender Recidivism, Journal of Consulting Psychology, 66, 348 - 362.

97. The sex offender treatment program offered by the defendants to prisoners while still serving their prison term can be completed in 4 years. For prisoners committed to the Nemansket Correctional Center the same treatment becomes interminable, with the average length of time spent in Nemansket being 17 years, often without the defendants or their agents certifying that the prisoner has completed treatment.

98. The defendants will not allow the plaintiff to begin treatment at Nemansket unless he repeats the first three phases of treatment which he successfully completed while serving his prison sentence at M.C.C.I. Gardner.

99. On information and belief the defendants have kept no statistics or other evidence, and have not published or otherwise

diseminated any statistics or evidence of the effectiveness or lack of effectiveness of the treatment offered and received by the plaintiff while in their custody.

100. The defendants and/or their agents have never disclosed to the plaintiff the risk and benefits of participation in the sex offender treatment program, so that the plaintiff can make an informed decision as to whether to participate in the program.

101. On information and belief many or all of the staff employed by the defendants to provide sex offender treatment to the plaintiff and other prisoners are not professionally qualified and are not competent to do so.

102. The provider of sex offender treatment for the defendants, Forensic Health Services, Inc., has a major conflict of interest in providing sex offender treatment under contract to the defendants on a per capita basis, while at the same time determining which prisoners will be recomended for release from the Nemansket Correctional Center and which prisoners will be committed to it, in violation of M.G.L. c. 268A, which prohibits any state contractor from participating in decisions in which the contractor has a financial interest.

### COUNT IX INTERFERENCE WITH MAIL

103. On March 24, 2005 Blake placed (6) six letters into the institutional mail. The complete mailing address as well as the proper postal service forms to have these items delivered certified and return receipt requested was affixed to each envelope. These envelopes each had enclosed a copy of the complaint and summonses and were being served on the defendants pursuant to Rule 4 of the Mass Rules of Civil Procedure for Worcester County Superior Court Civil Action Number 05-0497C.

104. On April 4, 2005 the defendants through their agents

- 4 -

deducted $29.79 from Blake's inmate account to cover the cost of mailing the 6 aforementioned letters.

105. On April 7, 2005 Blake received four of the six signature cards back through institutional mail. None of these cards were properly completed by the addressees nor were they postmarked which would have been done had the letters left the institution.

106. Blake's constitutionally guarenteed right to access to the courts has been violated by the defendants or agents thereof due to Blake's inability to prove that the summonses were delivered in accordance with Rule 4 Mass.R.Civ.P.

107. To date Blake has not received any of the certified mail receipts, which are necessary when making an inquiry about the status of a mailpiece.

108. Blake has never received a certified mail receipt for any of the certified mail return receipt requested letters he has mailed from the Nemansket Correctional Center, though he has in each instance been charged for this service.

109. Blake's outgoing mail is frequently delayed by the defendants or their agents contravening 103 CMR 481.08 (3) which provides delivery of outgoing mail to the post office within 24 hrs.

ADDITIONAL CAUSES OF ACTION

110. The plaintiff is entitled to adequate treatment, while being involuntarily confined by the defendants, as a matter of substantive due process under the Fourteenth Amendment of the United States Constitution. The plaintiff may not be forced to waive his Fifth Amendment Right against self incrimination and his Statutory Rights to Confidentiality in Professional Treatment as a condition of receiving the treatment to which he is entitled under

the Fourteenth Amendment. The defendants' failure to provide adequate treatment and their attempts to compel the plaintiff to waive his Rights to not incriminate himself and to have Confidential Professional Treatment violate the plaintiff's civil rights and entitle the plaintiff to damages and injunctive relief under 42 U.S.C. § 1983.

111.  The interference with the plaintiff's incoming and outgoing mail violates the plaintiff's First Amendment Rights to Freedom of Speech and to seek redress of grievance, and his Fourteenth Amendment Right to access the courts, and entitles the plaintiff to damages and injunctive relief under 42 U.S.C. § 1983.

ADDITIONAL RELIEF REQUESTED

1.  The court grant a preliminary and perminant injunction enjoining the defendants from failing to immediately:

a)  Provide the plaintiff with effective sex offender treatment without requiring the plaintiff to waive his right to not incriminate himself or waive his Statutory Rights to Confidential Treatment.

b)  Deliver all outgoing mail of the plaintiff's to the Post Office within 24 hours, as provided in 103 CMR 481.08 (3);

c)  Deliver all incoming mail within 24 hours of receipt from the Post Office, regardless of the number of pages any letter contains.

d)  Provide the plaintiff with the mail services he pays for; including Certified Mail and Return Receipt, in their entirety.

2.  The court grant damages in the amount of $12.79.

Joseph E. Blake, Plaintiff

Joseph E. Blake, Pro Se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

- 6 -

## CERTIFICATE OF SERVICE

I, Joseph E. Blake, state under the pains and penalties of purjury that I have served a copy of the foregoing Motion to Amend the Complaint and the Amended Complaint by Intra-Institutional Mail on:

Robert Murphy at Nemansket Correctional Center,
30 Administration Road
Bridgewater, MA 02324

Kathleen Dennehy &
The Massachusetts Department of Corrections at
50 Maple Street
Milford, MA 01757

DATED: 11·3·05

Joseph E. Blake

Garth Moose