UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Joseph Gentle Moose Blake,
    Plaintiff,

v.

Robert Murphy,
Kathleen Dennehy,
Massachusetts Department of Corrections,
    Defendants.

FILED
IN CLERKS OFFICE
CIVIL ACTION NO.

2006 MAR 24 P 3: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL

STATEMENT OF THE CASE

    This is a civil rights action brought by a resident of the Massachusetts Treatment Center at Bridgewater, Plymouth County, Massachusetts who has been civilly committed under M.G.L. c. 123A, alleging violations of his rights under the Constitution and laws of the Commonwealth of Massachusetts and the Constitution and laws of the United States by the defendants and personnel of the Massachusetts Treatment Center.

STATEMENT OF FACTS

    The plaintiff, Joseph Gentle Moose Blake, was detained at the Nemansket Correctional Center by the named defendants for in excess of two (2) years and on April 8, 2005 was committed to said same facility as a Sexually Dangerous Person pursuant to M.G.L. c. 123A. The defendants, have in the past, and continue to violate the plaintiff's rights under the Fourteenth Amendment of the United States Constitution by holding him in conditions more restrictive than the prison to which he was sentenced by the criminal court. The defendants are also violating the plaintiff's civil rights by failing to follow their promulgated regulations as well as <u>The Statutes and Laws of the Commonwealth of Massachusetts</u>. The plaintiff brings this action for violations of his civil rights

pursuant to 42 U.S.C. §1983.

## ARGUMENT

### THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF

In deciding whether to appoint counsel for an indigent litigant, the court should consider, "the factual complexity of the case, the ability to investigate the facts, the existance of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F2d 1032, 1035, (8th Cir. 1991) (citation omitted), cert. denied, 112 S.Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A. Sargenti Co., Inc., 877 F2d 170, 173 (2nd Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. Factual Complexity. The plaintiff has alleged violations of his civil rights which are protected under both the United States Constitution and laws as well as the Constitution and laws of the Commonwealth of Massachusetts, his rights as an institutionalized person, Massachusetts General Laws and Massachusetts Department of Corrections regulations have also been violated.

2. The plaintiff's Ability to Investigate. The plaintiff is severely restricted in his ability to obtain documents from the various defendants as well as his ability to take depositions. Due to his current situation as a prisoner in the care of the defendants he is limited in his ability to urge full compliance with the request for information from the defendants. The plaintiff is further restricted, by the defendants, in his ability to obtain statements from other inmate witnesses who have been released from

the custody of the Department of Corrections or relocated to other facilities.

3. <u>Conflicting Testimony</u>. The plaintiff's account of events is squarely in conflict with the defendants response. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located). The existance of these credibility issues supports the appointment of counsel. <u>Gatson v. Coughlin</u>, 679 F. Supp. 270, 273 (W.D.N.Y. 1988)

4. <u>The Ability of the Indigent to Present his Claim</u>. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. <u>Whisenant v. Yuam</u>, 739 F. 2d. 160, 163 (4th Cir. 1984). In addition he is confined to a facility which allows him very limited access to legal materials. <u>Rayes v. Johnson</u>, 969 F.2.d. 700, 703-04 (8th Cir. 1992) (citing lack of ready access to a law library as a factor supporting appointment of counsel.)

5. <u>Legal Complexity</u>. The large number of defendants, all of whom are supervisory officials, and the number of Constitutional violations alleged present complex legal issues of determining which defendants were sufficiently involved in the Constitutional violations to be held liable. In addition, the defendants have demanded a jury trial, which requires a much greater legal skill than the plaintiff has or can develop. See <u>Abdullah v. Gunter</u>, 949 F.2d. 1032, 1036 (8th Cir. 1991) (citing jury demanded as a factor supporting appointment of counsel), cert. denied, 112 S.Ct. 1995 (1992).

6. <u>Merit of the Case</u>. The plaintiff's allegations, if proved, would clearly establish Constitutional violations. As a matter of

(4)

Constitutional Law under the right to substantive due process of law, guaranteed by the Fourteenth Amendment to the United States Constitution the plaintiff is entitled to be held in conditions of confinement which are the least restrictive alternative which will protect the public, the staff and other inmates. In <u>Youngberg v. Romeo</u>, 457 U.S. 307, 324 (1982) the United States Supreme Court that the respondent, a involuntarily committed man, enjoyed "constitutionally protected interests in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions." <u>Id.</u> The court also explained that, "persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." <u>Id.</u> at 321-322. Since <u>Youngberg</u> courts have refered to this as a "least restrictive means" analysis. See E.G. <u>Lynch v. Baxely</u>, 744 F.2d 1452, 1459 (1984) citing an even earlier Supreme Court case <u>Shelton v. Tucker</u>, 364 U.S. 479, 488 (1960) which held that even if the purpose being pursued is legitimate, the government cannot attain it by means that "broadly stifle personal liberties, when the end can be more narrowly achieved." In <u>Jones v. Blanas</u>, the court went on to explain that "the Fourteenth Amendment requires the government to do more than provide the 'minimal civilized measure of life's necessities' for non-convicted detainees.

<u>CONCLUSION</u>

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

DATED: 3/22/06

Joseph Gentle Moose Blake, Pro Se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA 02324