UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH "GENTLE MOOSE" BLAKE,<br>       Plaintiff, | )<br>)<br>) |
| v. | )  C.A. No. 05-10508-RGS<br>) |
| ROBERT MURPHY, ET AL.,<br>       Defendants. | )<br>) |

MEMORANDUM AND ORDER

STEARNS, D.J.

On March 20, 2006, the Defendants filed a Motion to Dismiss and supporting documents. Thereafter, on March 24, 2006, Plaintiff filed a Motion for Appointment of Counsel, accompanied by an Affidavit and Memorandum in support.

Under § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel.[1] DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24 (citations omitted).

While this Court would consider appointment of *pro bono* counsel on behalf of the

---

[1] There is no authority for this court to pay for counsel appointed to civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to voluntarily accept an appointment. (Cf., 18 U.S.C. § 3006A, appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255).

Plaintiff, at this time, the Court is unable to obtain counsel willing to represent the Plaintiff on a *pro bono* basis, despite diligent efforts to do so. Accordingly, the Plaintiff's motion for appointment of counsel is denied at this time, and if Plaintiff wishes to continue prosecution of this action, he must continue to proceed *pro se*. If the Court is able to secure *pro bono* counsel at some later time, the Court will reconsider this matter, *sua sponte*.

SO ORDERED.

                                                  /s/ Richard G. Stearns
                                                  RICHARD G. STEARNS
                                                  UNITED STATES DISTRICT JUDGE

DATED: April 6, 2006