UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-10508 RGS

_____
                                          )
JOSEPH GENTLE MOOSE BLAKE,                )
        Plaintiff,                        )
v.                                        )
                                          )
ROBERT MURPHY & KATHLEEN DENNEHY,         )
        Defendants.                       )
_____)

## PLAINTIFF'S SECOND AMENDED COMPLAINT

### JURISDICTION

1.      The plaintiff's claims are brought under title 42 section 1983 of the United States Code

(widely known as the Federal Civil Rights Act), and involve deprivations of federally guaranteed

rights such as due process, cruel and unusual punishment, the free exercise of religion, equal

protection and double jeopardy under the United States Constitution and the Bill of Rights. This

Court therefore has federal question jurisdiction pursuant to title 28, section 1331 of the United

States Code.

### THE PARTIES

2.      The plaintiff is Joseph Gentle Moose Blake, a natural person who is currently being

civilly detained as a "sexually dangerous person" at the Massachusetts Treatment Center, a/k/a

Nemasket Correctional Center [hereinafter NCC"], located at 30 Administration Road,

Bridgewater, Massachusetts.

3.      The defendant, Robert Murphy, is a natural person who was at all relevant times

1

employed as the Superintendent of the NCC.  Defendant Murphy is sued in both his individual and official capacities.

4.      The defendant, Kathleen Dennehy, is a natural person who at all relevant times was employed as the Commissioner of the Massachusetts Department of Corrections.  Defendant Dennehy is sued in both her individual and official capacities.

## FACTS COMMON TO ALL COUNTS

5.      The plaintiff was convicted of one or more "sexual offenses" enumerated in Massachusetts General Laws chapter 123A section one, and has completely served out his criminal sentence in two Massachusetts Correctional facilities.

6.      Upon completion of his sentence, the plaintiff was civilly tried under Massachusetts General Laws chapter 123A section fourteen and adjudicated a "sexually dangerous person" [hereinafter "SDP" or "civil detainee"] as defined by Massachusetts General Laws chapter 123A section one.

7.      As a result of being adjudicated an SDP, the plaintiff has been civilly committed to the NCC for an indefinite period of one day to life.

8.      The NCC was created by legislative mandate under Massachusetts General Laws chapter 123A section two, and is the only facility authorized to hold civil detainees in the Commonwealth of Massachusetts.

9.      Defendant Dennehy is legislatively appointed as the individual in charge of the operation, maintenance and oversight of the NCC under Massachusetts General Laws chapter 123A section two, and was in fact so operating, maintaining and overseeing operation of the NCC at all times relevant to this Second Amended Complaint.

2

10.    Defendant Dennehy has the authority to appoint a superintendent to retain and oversee staff and operations at the NCC, and in fact appointed and supervises Defendant Murphy as Superintendent of the NCC.

11.    Defendant Murphy in fact retained and/or supervises the staff at NCC.

12.    Defendant Dennehy has the legislative authority and duty under Massachusetts General Laws chapter 123A section two to promulgate and implement the policy and procedures governing the detention of civil detainees, consistent with the provisions of Massachusetts General Laws chapter 123A.

13.    Through Massachusetts General Laws chapter 123A section two, the Massachusetts legislature has ordered that civil detainees be held at NCC not as a punitive measure, but rather, for the purpose of care, custody, treatment and rehabilitation, and the policies and procedures implemented are to utilize the least restrictive means necessary to reach that expressed purpose.

14.    Acting under the color of law, the defendants have created and implemented policies and procedures, and/or directed, trained or allowed their subordinates to implement policies and procedures, which do not utilize the least restrictive means necessary to meet the goals of the Massachusetts legislature, and that alone or taken together are distinctly punitive in nature, including but not limited to:

   a.  General conditions of confinement which are more restrictive than when the plaintiff was serving out his sentence as a prisoner of the Commonwealth;

   b.  Failing or refusing to adopt and implement a system that individually considers the security risks of each civil detainee, including plaintiff, and restricting/allowing privileges accordingly;

c. Failing to provide the plaintiff with adequate living quarters that meet the minimum requirements of human habitability in the Commonwealth, even by prisoner standards;

d. Placing unreasonable restrictions upon plaintiff's access to the law library;

e. Placing  unreasonable restrictions upon plaintiff's access to recreational activities and exercise equipment ;

f. Placing unreasonable limitations upon the freedom of plaintiff to choose, control and/or regulate his diet;

g. Placing unreasonable restrictions upon the plaintiff's access to reading and writing materials, such as books, magazines, type writers with memory, computers, reading lights, copiers and the like;

h. Placing unreasonable and unnecessary restrictions upon the plaintiff's access to certain appliances and electronic equipment, such as radios, walkman radios, video games for entertainment and the like;

i. Placing unreasonable restrictions upon the plaintiff's visitation rights;

j. By subjecting the plaintiff to embarrassing and invasive searches of his body and property without consideration of the plaintiff's security risk and the attendant necessity of such actions;

k. By subjecting the plaintiff to drug testing without probable or just cause to believe that the plaintiff has ingested illegal narcotics;

l. By restricting the plaintiff's access to suitable clothing;

m. By failing to provide the plaintiff with ample hot water for showering;

n. By failing to provide the plaintiff with employment at fair wages, and/or failure to allow

4

the plaintiff to practice a craft for a profit;

o. By failing to provide access to items necessary for the plaintiff to exercise his freedom of religious expression;

p. By failing to provide access to continuing education, such that the plaintiff will be provided with a realistic chance to earn a living upon release;

q. By placing unreasonable restrictions upon the plaintiff's access to the computer laboratory;

r. By failing to adopt or implement a good faith and objective grievance procedure;

s. By failing to provide the plaintiff access to medical care and treatment, and/or by placing unreasonable restrictions thereon; and

t. By placing unreasonable restrictions upon, and interfering with the plaintiff's right to send and receive mail.

15.     The defendants have also arbitrarily treated the plaintiff differently from other civil detainees, allowing privileges and freedoms to some civil detainees based solely upon the fact that said civil detainees were committed when the NCC was operated by the Department of Mental Health, at a time when such additional privileges and freedoms were allowed.

**COUNT I - DAMAGES UNDER 42 U.S.C.A. § 1983 FOR
VIOLATIONS OF DOUBLE JEOPARDY CLAUSE**

16.     The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

17.     The defendants, acting under the color of law in their individual capacities, have created and implemented a policy and procedure that is de facto and/or facially punitive in nature, in violation of the plaintiff's right not to be tried and/or punished twice for the same offense under

the Fifth Amendment to the United States Constitution, as applied to the States by the Fourteenth

Amendment to the United States Constitution.

18.     The plaintiff is entitled to damages and/or equitable relief pursuant to the provisions of 42

U.S.C.A. § 1983.

### COUNT II – EQUITABLE RELIEF UNDER 42 U.S.C.A. § 1983 FOR VIOLATIONS OF DOUBLE JEOPARDY CLAUSE

19.     The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

20.     The defendants, acting under the color of law in their official capacities, have created and

implemented a policy and procedure that is de facto and/or facially punitive in nature, in

violation of the plaintiff's right not to be tried and/or punished twice for the same offense under

the Fifth Amendment to the United States Constitution, as applied to the States by the Fourteenth

Amendment to the United States Constitution.

21.     The plaintiff is entitled to equitable relief pursuant to the provisions of 42 U.S.C.A. §

1983.

### COUNT III - DAMAGES UNDER 42 U.S.C.A. § 1983 FOR VIOLATIONS OF FREEDOM OF RELIGIOUS EXPRESSION

22.     The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

23.     The defendants, acting under the color of law in their individual capacities, have created

and implemented a policy and procedure that deprives the plaintiff of his right to freedom of

religious expression under the First Amendment to the United States Constitution, as applied to

the States by the Fourteenth Amendment to the United States Constitution.

24.     The plaintiff is entitled to damages and/or equitable relief pursuant to the provisions of 42

U.S.C.A. § 1983.

## COUNT IV – EQUITABLE RELIEF UNDER 42 U.S.C.A. § 1983 FOR
## VIOLATIONS OF FREEDOM OF RELIGIOUS EXPRESSION

25.    The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

26.    The defendants, acting under the color of law in their official capacities, have created and implemented a policy and procedure that deprives the plaintiff of his right to freedom of religious expression under the First Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment to the United States Constitution.

27.    The plaintiff is entitled to equitable relief pursuant to the provisions of 42 U.S.C.A. § 1983.

## COUNT V - DAMAGES UNDER 42 U.S.C.A. § 1983 FOR
## VIOLATIONS OF DUE PROCESS CLAUSE

28.    The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

29.    The defendants, acting under the color of law in their individual capacities, have created and implemented a policy and procedure that deprives the plaintiff of fundamental rights and/or shocks the conscience and therefore violates the plaintiff's right to substantive due process under the Fifth Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment to the United States Constitution.

30.    The plaintiff is entitled to damages and/or equitable relief pursuant to the provisions of 42 U.S.C.A. § 1983.

## COUNT VI – EQUITABLE RELIEF UNDER 42 U.S.C.A. § 1983 FOR
## VIOLATIONS OF DUE PROCESS CLAUSE

31.    The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

32.    The defendants, acting under the color of law in their official capacities, have created and

implemented a policy and procedure that deprives the plaintiff of fundamental rights and/or shocks the conscience and therefore violates the plaintiff's right to substantive due process under the Fifth Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment to the United States Constitution.

33.     The plaintiff is entitled to equitable relief pursuant to the provisions of 42 U.S.C.A. § 1983.

## COUNT VII - DAMAGES UNDER 42 U.S.C.A. § 1983 FOR VIOLATIONS OF EQUAL PROTECTION CLAUSE

34.     The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

35.     The defendants, acting under the color of law in their individual capacities, have intentionally and purposefully created and implemented a policy that deprives the plaintiff of the aforementioned fundamental rights guaranteed to the plaintiff under the United States Constitution, and that deprives the plaintiff of the right to be detained in the least restrictive manner conferred to him under chapter 123A of the Massachusetts General Laws, and therefore denies the plaintiff of his right to equal protection under the Fourteenth Amendment to the United States Constitution.

36.     The plaintiff is entitled to damages and/or equitable relief pursuant to the provisions of 42 U.S.C.A. § 1983.

## COUNT VIII – EQUITABLE RELIEF UNDER 42 U.S.C.A. § 1983 FOR VIOLATIONS OF EQUAL PROTECTION CLAUSE

37.     The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

38.     The defendants, acting under the color of law in their official capacities, have intentionally and purposefully created and implemented a policy that deprives the plaintiff of the

8

aforementioned fundamental rights guaranteed to the plaintiff under the United States

Constitution, and that deprives the plaintiff of the right to be detained in the least restrictive

manner conferred to him under chapter 123A of the Massachusetts General Laws, and therefore

denies the plaintiff of his right to equal protection under the Fourteenth Amendment to the

United States Constitution.

39.     The plaintiff is entitled to equitable relief pursuant to the provisions of 42 U.S.C.A. §

1983.

### COUNT IX – DAMAGES UNDER 42 U.S.C.A. § 1983 FOR ADMINISTERING CRUEL AND UNUSUAL PUNISHMENT

40.     The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

41.     The defendants, acting under the color of law in their individual capacities, have created

and implemented a policy that continually punishes the plaintiff so disproportionately to his

original crime that it shocks the conscience and offends fundamental notions of human dignity,

such that it deprives the plaintiff of his right to be free from cruel and unusual punishment under

the Eighth Amendment to the United States Constitution.

42.     The plaintiff is entitled to damages and/or equitable relief pursuant to the provisions of 42

U.S.C.A. § 1983.

### COUNT VIII – EQUITABLE RELIEF UNDER 42 U.S.C.A. § 1983 FOR VIOLATIONS OF EQUAL PROTECTION CLAUSE

43.     The plaintiff restates paragraphs one through fifteen, as if alleged herein in their entirety.

44.     The defendants, acting under the color of law in their official capacities, have

intentionally and purposefully created and implemented a policy that continually punishes the

plaintiff so disproportionately to his original crime that it shocks the conscience and offends

9

fundamental notions of human dignity, such that it deprives the plaintiff of his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

45.    The plaintiff is entitled to equitable relief pursuant to the provisions of 42 U.S.C.A. § 1983.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays that this Court enter judgment in its favor on any or all Counts of the plaintiff's Second Amended Complaint, and respectfully requests that the Court:

1) Declare chapter 123A section 1, *et seq.* of the Massachusetts General Laws unconstitutional as applied to the plaintiff, and order the plaintiff's immediate release;

2) As to Counts I, III, V, VII & IX, award damages to the plaintiff for said violations of his civil rights in an amount which the Court deems fair and just;

3) As to Counts II, IV, VI, VIII & X, award all equitable relief that the Court deems necessary to prevent future violations of the plaintiff's federally protected rights, including but not limited to ordering the plaintiff's immediate release, or ordering the defendants to amend their policies and procedures so as to bring them into compliance with all applicable laws;

4) Award costs, interest and reasonable legal fees to the plaintiff; and

5) Order any other relief which the Court may deem fair and just.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

The Plaintiff,
JOSEPH GENTLE MOOSE BLAKE,
By his attorneys,
**PIERCE, DAVIS & PERRITANO, LLP**

Michael D. Leedberg, BBO #660832
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: April 16, 2007